UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW ZOOK, | ) | |
| *Petitioner*, | ) ) ) | |
| v. | ) ) | 1:23-cv-00653-JMS-TAB |
| ZATECKY *Warden*, | ) ) ) ) | |
| *Respondent*. | ) | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

Matthew Zook has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He challenges a prison disciplinary proceeding in which he was found guilty of interfering with staff and sanctioned with the imposition of a previously-suspended 60-day loss of good-time credit in disciplinary case JCU 23-01-0029, along with other non-custodial sanctions not relevant to this proceeding. [Filing No. 2 at 1; Filing No. 13-6.] For the reasons explained below, the disciplinary proceeding did not violate Mr. Zook's due process rights and his habeas petition is **DENIED**.

## I.
### LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present

evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.
### FACTUAL BACKGROUND

On January 5, 2023, Sergeant Kidwell wrote a Conduct Report charging Mr. Zook with interfering with staff. [Filing No. 13-1 at 1.] The Conduct Report states:

> On 01/05/2023 at approximately 0206 am, Sgt. Parsons and I, Sgt. Kidwell were escorting incarcerated individual Zook, Matthew 269360 to custody for a drug screen. Sgt. Parsons had stepped in front of Zook to open custody door while I stayed behind individual Zook. As we were walking up steps to door, I, Sgt. Kidwell seen Zook reach into his right inner coat and hurriedly put something in his mouth as we entered custody building. I immediately asked individual what he put in his mouth as it was physically protruding in his cheek. Zook was now sitting in chair in custody. Sgt. Parsons asked individual Zook to spit the item in question out and Zook looked at both of us, did not respond and then proceeded to swallow said object. Sgt. Parsons and Ofc. Stone then escorted Zook to restroom for strip search and nothing further was found. Individual was in violation of adult disciplinary code B252, interfering with staff member in the performance of his/her duties.

[Filing No. 13-1 at 1.]

Mr. Zook was notified of the charge on January 13, 2023, when he received a copy of the Conduct Report and the Screening Report. [Filing No. 13-1; Filing No. 13-3.]

A hearing was held on January 25, 2023. [Filing No. 13-6.] Mr. Zook appeared at the hearing, pled not guilty, and stated: "I was honest with the staff it was a water balloon for urine test. I plead to the 202. I already swallowed it before they asked for it." [Filing No. 13-6.] The hearing officer considered staff reports, Mr. Zook's statement, and "evidence from witnesses," which appears to be Sgt. Parsons' statement made in the Conduct Report, and found that Mr. Zook

2

was guilty of offense B-252, interfering with staff.  [Filing No. 13-6.]  The hearing officer wrote: "DHO finds guilty due to Kidwell's [Conduct Report] clearly states that act of interfering with staff trying to confiscate possible contraband.  Witness statement supports.  Offender statement considered."  [Filing No. 13-6.]

The sanctions imposed included the imposition of a previously suspended 60-day loss of good-time credit in disciplinary case JCU 23-01-0029, along with other non-custodial sanctions not relevant to this proceeding.  [Filing No. 13-6; Filing No. 13-12.].]

Mr. Zook appealed to the Facility Head and the Indiana Department of Corrections ("IDOC") Final Reviewing Authority, and both appeals were denied.  [Filing No. 13-8; Filing No. 13-9; Filing No. 13-12.]  He then brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  [Filing No. 1.]

## III.
### ANALYSIS

Mr. Zook raises three arguments in his Petition: (1) that the evidence was insufficient to discipline him; (2) that he did not have proper notice of what he was accused of violating, so he could not prepare a defense; and (3) that the offense he was found to have violated is unconstitutionally vague.  [Filing No. 2 at 2.]  The Court addresses each argument in turn.

### A. Sufficiency of the Evidence

In support of his Petition, Mr. Zook states:

The adult disciplinary code section B-252 is entitled "Interfering with staff" and is defined as "[i]nterfering with a staff member in the performance of his/her duties." On the other hand, Adult disciplinary code section C-347, a lesser form of the same offen[s]e is entitled "refusing an order" but is defined as "[r]efusing to obey an order from any staff member.  An offender may be guilty of this offen[s]e if the offender knew or reasonably should have known that the order existed or was in effect."  The conduct report writer failed repeatedly to describe what duty Zook was allegedly

3

> interfering with, however the writer clearly described "asking Zook to spit the [item] in question out", but nowhere in the conduct report was Zook "ordered" to spit the [item] out.  "Asking" an inmate to do something clearly removed the "performance of his/her duties" definition of a B-252 as well as the "order" definition of a C-347, which prevented Zook from preparing a defense in this case, violating due process.

[Filing No. 2 at 2.]

The Respondent argues that Mr. Zook's arguments "reasonably implicate whether some evidence supports the guilty finding." [Filing No. 13 at 7.] He argues that the Conduct Report alone constitutes some evidence of Mr. Zook interfering with Sgts. Kidwell and Parsons, who were taking him for a drug screen and who then could not collect contraband after Mr. Zook swallowed an item. [Filing No. 13 at 8.] The Respondent asserts that Sgts. Kidwell and Parsons were then forced to conduct a strip search of Mr. Zook, which interfered with their duty of escorting him for the drug screen. [Filing No. 13 at 8.] He notes that "[Mr.] Zook's argument that 'asking an inmate to do something removes the performance of his/her duties such that it removes the conduct from B-252' is both misplaced and an impermissible request for this court to reweigh the evidence." [Filing No. 13 at 9.]

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985) (emphasis added); *see also Eichwedel v. Chandler,* 696 F.3d 660, 675

4

(7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

A Conduct Report "alone" can "provide[] 'some evidence' for the…decision." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Here, the Conduct Report indicates that Mr. Zook was being escorted for a drug screening when he reached into his coat, put something in his mouth, and swallowed it after being asked to spit it out. [Filing No. 13-1.] This prevented the officers from confiscating the item and caused the officers to strip search Mr. Zook, which is "some evidence" that Mr. Zook's actions interfered with their duty to confiscate contraband and to escort him for the drug screening. Additionally, the distinction Mr. Zook attempts to draw between being "asked" to spit out the item that he swallowed, as referenced in the Conduct Report, versus being "ordered" to spit it out, is irrelevant. Ms. Zook was charged with interfering with staff, not refusing an order. Mr. Zook is not entitled to relief based on his insufficiency of the evidence argument.

### B. Lack of Notice

Mr. Zook argues that the Conduct Report failed to describe what duty of the staff Mr. Zook allegedly interfered with, which prevented him from preparing a defense. [Filing No. 2 at 2.]

The Respondent argues that the Conduct Report adequately advised Mr. Zook of the offense, including listing the offense number and description of the offense, and describing the circumstances leading to the charge. [Filing No. 13 at 10.] He argues that the Conduct Report informed Mr. Zook "of the underlying facts so he could marshal a defense," and that due process only requires a summary of the facts on which the charge is based and "not a detailed account of everything that led to the charge." [Filing No. 13 at 10.] The Respondent notes that Mr. Zook

5

never asked for clarification of the charges (including the officers' duties with which he allegedly interfered), nor for any witnesses or evidence.  [Filing No. 13 at 10.]

Due process requires that an inmate be given advanced "written notice of the charges ... in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564 (due process requires a minimum of 24 hours advance written notice of the charge).  "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge."  *Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir. 2003); *see Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995).

The Conduct Report advised Mr. Zook of the offense and of the facts that staff claimed supported the charge.  Offense B-252 prohibits a prisoner from "[i]nterfering with a staff member in the performance of his/her duties."  [Filing No. 13-10 at 10.]  It does not indicate that only interference with specific duties triggers the offense such that staff would have to identify which duty was interfered with.  Mr. Zook had sufficient notice of the charge and of the facts staff were relying on to support the charge, and he is not entitled to relief based on his lack of notice argument.

**C. Vagueness**

In support of his vagueness argument, Mr. Zook states:

The government violates due process "by taking away some[one]'s life, liberty, or property under criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standard less that it invites arbitrary enforcement." The probation (sic) on vagueness applies not just to criminal law, but also to prison disciplinary offen[s]es the violation of which can lead to a loss of liberty.  The appendix of the IDOC adult disciplinary process, defines the disciplinary offen[s]e with which Zook was charged as follows:  Interfering with a staff member in the performance of his/her duties.  This definition is ambiguous as it would be an endless list that inmates not only do not have, but would be in perpetual violation of.  Simply standing in the middle of a dayroom watching TV would in effect "interfere[e] with staff" by inadvertently being a barrier to the sight of line of a staff scanning the area for security purposes, or in this case Zook eating candy.  Zook

6

> could not possibly have known eating candy while in route to a drug screen interfered with the conduct report writer and his coworkers duties since it is something he regularly does and these staff members did not pat search him previously to take it from him.

[Filing No. 2 at 2.]

The Respondent argues that "[t]he definition of offense B-252 makes clear that interfering with staff members in the performance of their duties is prohibited," and that "[t]he disciplinary code provided [Mr.] Zook with notice that interfering with staff could result in a violation of B-252." [Filing No. 13 at 11.] He notes that Mr. Zook did not claim that he was unaware of the offense or its definition, that he never sought clarification of the charges, and that "[i]f he had questions, it was incumbent upon him to seek clarification." [Filing No. 13 at 11-12.] The Respondent argues that although Mr. Zook asserts that he could not have known that "eating candy" while going to a drug screen interfered with the officers' duties, he admitted at the hearing that he "was honest with staff it was a water balloon for urine test." [Filing No. 13 at 12.] Additionally, he notes that "even if it was candy, [Mr.] Zook refused to spit it out interfering with Sgts. Kidwell's and Parson[s'] duties of collecting contraband" and of escorting Mr. Zook to the drug screening. [Filing No. 13 at 12.]

A claim that a prison disciplinary rule is unconstitutionally vague is viable in a habeas proceeding. *See Isby-Israel v. Finnan*, 347 F. App'x 253, 254-55 (7th Cir. 2009); *Brown v. Schneiter*, 335 F. App'x 618, 622-23 (7th Cir. 2009). "[E]ven if a [regulation] does not reach a substantial amount of constitutionally protected conduct, it can be found to be impermissibly vague if it fails to define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and it fails to establish standards to permit enforcement in a nonarbitrary, nondiscriminatory manner." *Fuller ex rel. Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*,

251 F.3d 662, 666 (7th Cir. 2001). "A party raising a facial challenge to a…regulation on vagueness grounds must demonstrate that the [regulation] is impermissibly vague in all of its applications." *Koutnik v. Brown*, 456 F.3d 777, 783 (7th Cir. 2006) (quotation and citation omitted). The nature of the regulation "also affects the vagueness analysis," and "some open-ended quality is essential if a prison is to have any guidelines; it is impossible to foresee all [scenarios] that may pose a threat to safety and security." *Id.* (quotation and citation omitted).

Under the circumstances here, a reasonable person would understand that swallowing "a water balloon for [a] urine test" after being asked to spit it out – which Mr. Zook admitted doing – would interfere with the officers' ability to confiscate contraband and to escort him to the drug screening, in violation of Offense B-252. The fact that "duties" as used in Offense B-252 is a broad term does not change the Court's analysis. *See Crawford v. Littlejohn*, 963 F.3d 681, 683-84 (7th Cir. 2020) (holding that offense prohibiting engaging in unauthorized financial transactions was not vague and noting "[t]he phrase 'financial transactions' is broad, but broad differs from inscrutable. The rule is sweeping, not vague. People of common understanding can see what is forbidden."). The Court finds that Offense B-252 is not unconstitutionally vague and that Mr. Zook is not entitled to relief based on his vagueness argument.

## IV.
### CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Zook to the relief he seeks.

Accordingly, Mr. Zook's Petition for a Writ of Habeas Corpus, [2], is **DENIED** and the action **DISMISSED**. Judgment consistent with this Order shall now issue.

According to the IDOC website and the docket in Mr. Zook's underlying criminal case, it appears that Mr. Zook was released from IDOC custody on probation with the Bartholomew Probation Department.[1] Since his release, Mr. Zook has not updated his address with the Court. In an attempt to ensure that Mr. Zook receives the Court's Order, the Court is sending it to Mr. Zook at both his outdated address on the docket and at the Bartholomew County Probation Department so that the Probation Department may forward the Order to him or otherwise ensure his receipt of it.

Date: 9/19/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] *See* https://www.in.gov/apps/indcorrection/ofs/ofs?lname=Zook&fname=Matthew&search1.x=46&search1.y=14 (last visited September 19, 2024); https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6InFvSHg3M0tRSHNDdnhuZ3VSUTR5aV8wR1hHd3g2ODNjNTFqS0FCZktaV0ExIn19 (last visited September 19, 2024).

**<u>Distribution via ECF only to all counsel of record</u>**

**<u>Distribution via U.S. Mail to</u>:**

Matthew Zook
269360
PUTNAMVILLE – CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy. 40
Greencastle, IN 46135

Matthew Zook
263960
Bartholomew County Probation
555 First Street
Columbus, IN 47201